UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jose Jacob Portocarrero Montano,
    Petitioner

    v.                              Case No. 23-cv-120-SM
                                       Opinion No. 2023 DNH 059

Warden, FCI Berlin,
    Respondent


**O R D E R**


Jose Jacob Portocarrero Montano ("Portocarrero") is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire.  He petitions the court pursuant to 28 U.S.C. § 2241, saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date. He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

When Portocarrero filed his petition, his claims had merit. But, shortly thereafter, the BOP properly credited him with earned FSA time credits and advanced his "projected release

date" by one year (the maximum permitted).  Accordingly,

Portocarrero has received all of the relief he sought and his

petition is now moot.


### Discussion

There are two ways by which inmates serving federally-

imposed sentences may reduce the amount of time they must serve

in prison.  Those serving a term of imprisonment greater than

one year may earn "good time" credits for "exemplary compliance

with institutional disciplinary regulations."  18 U.S.C. §

3624(b)(1).  Inmates may also earn "time credits" under the

First Step Act for the successful completion of "evidence-based

recidivism reduction programming or productive activities."  18

U.S.C. § 3632(d)(4)(A).  This case involves the latter.


Portocarrero is currently serving a 108-month term of

imprisonment, to be followed by a five-year term of supervised

release.  He is the subject of an Immigration and Customs

Enforcement ("ICE") detainer that was lodged against him in

August of 2018.  With the benefit of good time credits, his

anticipated "Final Statutory Release Date" is August 30, 2025.

See Sentence Monitoring Computation Data (document no. 5-3) at

1.  None of that is in dispute.

In addition to good time credits, Portocarrero has also earned a substantial number of FSA time credits, 365 of which may be applied toward his early transfer to supervised release. See FSA Time Credit Assessment as of March 25, 2023 (document no. 5-4) at 1.  See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of transfer to supervised release).  So, factoring in both his good time credits and his FSA time credits, Portocarrero's "Projected Release Date" should be August 30, 2024 - that is, 365 days earlier than his "Final Statutory Release Date."  But, he says the BOP is refusing to apply those FSA time credits and, therefore, his projected release is off by one year.

Portocarrero was, for a time, correct.  But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act.  Among other things, it removed language from the prior policy that prohibited prisoners subject to ICE detainers from applying FSA time credits toward an early release to prerelease custody or supervised release.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).[1]  Consequently, inmates like Portocarrero who are

---

[1]    Available at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000).

subject to ICE detainers (but <u>not</u> final orders of removal) are now permitted to apply earned FSA time credits toward prerelease custody or supervised release.  <u>See generally</u> 18 U.S.C. § 3632(d)(4)(E)(i).

Following that change in policy, the BOP recalculated Portocarrero's Sentence Monitoring Computation Data.  The BOP's records now accurately show that he is eligible both to earn and to apply earned FSA time credits toward early release.  <u>See</u> FSA Time Credit Assessment dated March 25, 2023, at 1. Additionally, the BOP has applied the maximum number of FSA time credits (365) to calculate his "Projected Release Date" of August 30, 2024 (rather than August 30, 2025).  <u>See</u> Sentence Monitoring Computation Data at 1.

## Conclusion

For the foregoing reasons, it is plain that Portocarrero has received all the relief sought in his petition and there is no longer any case or controversy.  His petition seeking habeas corpus relief (**document no. 1**) is, therefore, dismissed as moot. The government's motion to dismiss (**document no. 5**) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 15, 2023

cc:  Jose Jacob Portocarrero Montano, pro se
     Terry L. Ollila, Esq.